# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YUE ZHAO** | **CIVIL ACTION NO.  2:25-cv-2474** |
| **VERSUS** | **JUDGE SARAH S VANCE** |
| **THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND; DAVID CROSSLIN; HEATHER MACHADO; LEE HAMM** | **MAGISTRATE JUDGE EVA J. DOSSIER** |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED STATUS CONFERENCE REGARDING ACADEMIC STATUS, JUNE 15 DEADLINE, AND ANTI-RETALIATION PROTECTIONS

**MAY IT PLEASE THE COURT:**

Defendants, The Administrators of the Tulane Educational Fund ("Tulane") and David Crosslin, Heather Machado, and Lee Hamm (the "Individual Defendants") without waiving and expressly reserving all rights, opposition, motion, defenses including the pending Motions to Dismiss (R. Doc. 6 and 7), respectfully submit this Opposition to the miscellaneous omnibus motion filed by Plaintiff Yue Zhao, titled "Motion for Expedited Status Conference Regarding Academic Status, June 15 Deadline, and Anti-Retaliation Protections"[1] (the "Motion").

Issue is not joined in this case and Tulane and Individual Defendants' Motions to Dismiss (R. Doc. 6 and 7) are pending. According to Plaintiff's own allegations, he is a current student in the Biomedical Sciences ("BMS") graduate program at Tulane. Plaintiff concedes in his Amended Complaint that participation in a research laboratory is a requirement of the program.[2] As set forth in the BMS Handbook which was incorporated by reference into Plaintiff's Amended Complaint and attached to Defendants' Motions to Dismiss, students are required to match with a laboratory

---

[1] R. Doc. 26.
[2] R. Doc. 13 at ¶ 109.

PD.62130486.1

advisor within four rotations and failure to do so could result in probation and dismissal.[3] Students in the BMS program maintain "the primary responsibility" for securing mentorship and seeking out advisors.[4]

Plaintiff alleges in his Amended Complaint that he was wrongly removed from Dr. Crosslin's laboratory in July 2025 and that he was provided extensions of time to find a replacement laboratory.[5] Nearly a year later, despite never finding a research laboratory replacement assignment, Plaintiff has continued participating in the Ph.D. program and as he admits, has not been dismissed.[6] On June 2, 2026, the Director of the BMS Program sent Plaintiff a letter, again reminding Plaintiff of his obligation and responsibility to identify and confirm a lab placement in order to remain on track in the program, providing a list of suggested mentors and offering support for Plaintiff to meet the deadline of June 15 to do so. As conceded by Plaintiff, this was not the first time that BMS leadership notified Plaintiff that he was required to secure a mentor. The letter did not mandate that Plaintiff would be removed from the program, but it did note that failure to meet the deadline would result in "formal review" of his academic status.[7] Rather than engaging in Tulane's academic process, Plaintiff filed this improper Motion requesting the intervention of the Court.

Despite his assertion that the Motion "does not ask the Court to decide the merits" of his claims, it improperly seeks to have this Court intervene in Tulane's academic decision-making. The Motion is effectively a request that the Court implement prospective relief in the form of an injunction, which is already sought in the Amended Complaint currently subject to Motions to

---

[3] R. Doc. 18-2, p. 35.
[4] R. Doc. 18-2, p. 53-54.
[5] R. Doc. 13 at ¶¶ 25, 47.
[6] R. Doc. 13 at ¶ 63.
[7] R. Doc. 26-1.

Dismiss by Tulane and the Individual Defendants.[8] To circumvent the requirement of proving that he is entitled to such relief or otherwise seeking such relief through the proper channels,[9] Plaintiff vaguely requests that this Court conduct a "status conference" to "prevent additional academic harm." He seeks *eight* categories of "requested relief" from the Court, including such extreme remedies as asking the Court to intervene by having high-level administration officials "place Plaintiff in their own laboratories" as an assignment, maintain Plaintiff's current academic status regardless of his current participation in the program, and create an "interim academic arrangement." Such relief is not properly sought, is not appropriate, and should be denied. Further, the intervention sought by Plaintiff represents an improper infringement on the academic freedom of Tulane as an educational institution.

Without delving into the merits of Plaintiff's tacit request for an injunction, he cannot show a substantial likelihood of success on the merits. A TRO and preliminary injunction are considered extraordinary remedies for a court to implement.[10] The purpose of a preliminary injunction is to preserve the status quo of the parties until a trial on the merits can be held.[11] The jurisprudence weighs against interference by federal courts through the issuance of injunctive relief against educational institutions. For instance, the Fifth Circuit has confirmed that "[i]t is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking in wisdom or compassion."[12] And a "university is not a court of law, and it is neither practical nor desirable it be one."[13] It is clear from the letter that Plaintiff himself has submitted as

---

[8] R. Doc. 13.

[9] *See*, *e.g.*, Fed. R. Civ. P. 65.

[10] *See Morice v. Hosp. Serv. Dist. #3,* 2019 U.S. Dist. LEXIS 59943, at *10 (E.D.La. Apr. 8, 2019) (citing *Guy Carpenter & Co. v. Provenzale,* 334 F.3d 459, 464 (5th Cir. 2003)).

[11] *See Univ. of Tex. v Camenisch,* 451 U.S. 390, 395 (1981).

[12] *Plummer v. Univ. of Houston,* 860 F.3d 767, 772 (5th Cir. 2017).

[13] *Id.* at 773.

an exhibit to his Motion that there are no "extraordinary" circumstances here. Tulane has maintained Plaintiff's academic status for nearly a year since the events giving rise to this suit. The letter merely shows a request, with ample assistance and guidance, that Plaintiff comply with the obligations of the program in which he is enrolled, in order to maintain good standing. The Court should not interfere with or set aside the ongoing decisions of Tulane's administration in interpreting its own policies. This is particularly true where Plaintiff's lawsuit is currently pending a dismissal challenge and there is currently no justification for any interference by the Court.

Because the relief sought in his Motion is improper both procedurally and substantively, the Court should deny Plaintiff's request for a status conference.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:     */s/ Rebecca Sha*
Kim M. Boyle (La. Bar No. 18133)
Rebecca S. Sha (La. Bar No. 35317)
Andrew M. Albritton (La. Bar No. 39780)
Caroline E. Perlis (La. Bar No. 40905)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: kim.boyle@phelps.com
        rebecca.sha@phelps.com
        andrew.albritton@phelps.com
        caroline.perlis@phelps.com

**ATTORNEYS FOR DEFENDANTS TULANE
UNIVERSITY, DAVID CROSSLIN, HEATHER
MACHADO, AND LEE HAMM**

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June, 2026, I filed the foregoing by using the CM/ECF system and have served notice of the filing pursuant to Fed. R. Civ. P. 5(b)(2) and Local Rule 5.4 to Pro-Se Plaintiff, Yue Zhao by certified mail and electronic mail to 500 Aries Dr. Apt 5A, Mandeville, LA 70471 and omniscientyue@gmail.com.

*/s/Rebecca Sha*
REBECCA SHA