# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YUE ZHAO** | **CIVIL ACTION NO. 2:25-cv-2474** |
| **VERSUS** | **JUDGE SARAH S. VANCE** |
| **THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND; DAVID CROSSLIN; HEATHER MACHADO; LEE HAMM** | **MAGISTRATE JUDGE EVA J. DOSSIER** |

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Yue Zhao, respectfully submits this Sur-Reply, limited to matters first raised in Defendants' Reply Memorandum.[1] Defendants' reply does not merely answer Plaintiff's opposition. It introduces new policy exhibits, advances a more developed incorporation-by-reference theory, raises mootness for the first time, and injects a disputed factual narrative about alleged "performance issues." Those new matters confirm that dismissal is improper.

### I. THE REPLY'S NEW EXHIBITS CONFIRM A VERSION DISPUTE

Defendants now concede that Plaintiff referenced policy versions different from those attached to the original motion, and they attempt to cure that problem by submitting new Exhibit A and Exhibit B for the first time in reply. That is not a permissible clarification. It is a wholesale substitution of the evidentiary basis of the motion.

---

[1]See Thompson v. Dallas City Attorney's Office, 913 F.3d 464, 471 (5th Cir. 2019); Peteet v. Dow Chem. Co., 868 F.2d 1428, 1437 (5th Cir. 1989).

The Court cannot resolve Rule 12(b)(6) arguments on a moving target of competing policy versions. Defendants' assertion that the policy language is "clear and explicit" does not solve the threshold problem: a contract or policy cannot be deemed unambiguous where the antecedent question–what document governs–is itself disputed. At minimum, the version dispute precludes dismissal based on those materials at the pleading stage and independently triggers Rule 12(d) if the Court were to consider the new exhibits.[2]

## II. DEFENDANTS' INCORPORATION-BY-REFERENCE THEORY FAILS

Defendants also invoke the proposition that documents attached to a motion to dismiss may be treated as part of the pleadings. But that doctrine does not authorize reliance on disputed documents. A court may consider a document at Rule 12(b)(6) only where it is referenced in the complaint, central to the claim, and its authenticity is not questioned.[3]

That standard is not met here. Plaintiff disputes the version, completeness, and applicability of the policy materials Defendants seek to use. And the way Defendants deploy those documents shows that they are being used principally to defeat Plaintiff's claims, not merely to identify the allegations Plaintiff pleaded. Documents central to a defendant's defense, rather than central to the plaintiff's own claim as pleaded, are not properly considered on a motion to dismiss.[4] Defendants' late-developed incorporation theory therefore provides no basis to rely on the newly submitted policy exhibits.

## III. THE MOOTNESS ARGUMENT IS NEW AND WAIVED

Defendants' mootness argument appears for the first time in reply. The Court should disregard it for that reason alone. A defendant may not introduce an entirely new path to dismissal in the last brief and deprive Plaintiff of a fair opportunity to respond.

In any event, mootness is a fact-dependent jurisdictional issue not resolvable on this reply-

---

[2]See Fed. R. Civ. P. 12(d); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

[3]See Walch v. Adjutant Gen.'s Dep't of Tex., 533 F.3d 289, 294 (5th Cir. 2008); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004).

[4]See Scanlan v. Tex. A&M Univ., 343 F.3d 533, 537 (5th Cir. 2003).

created record.  The Amended Complaint alleges ongoing adverse effects, including loss of laboratory access, loss of stipend support, unresolved accommodation and grievance issues, and continuing threats to Plaintiff's academic status.  Those allegations foreclose dismissal on a bare assertion that Tulane later worked with Plaintiff or that no formal expulsion had yet occurred.

### IV. THE REPLY IMPROPERLY INJECTS DISPUTED FACTS

Defendants repeatedly argue in reply that Plaintiff was removed from Dr. Crosslin's lab because of alleged "misconduct" or "performance issues" rather than because of protected activity or reliance on the approved arrangement.  But that is Defendants' competing factual narrative.  It is not an adjudicated fact, and it is not a permissible basis for dismissal under Rule 12(b)(6).

The Amended Complaint alleges the opposite:  that Plaintiff obtained approval for remote work and travel, relied on that approval, and then suffered adverse action while the arrangement was still ongoing.  It further alleges that no new legitimate issue arose between approval and revocation. At this stage, the Court must accept Plaintiff's allegations, not Defendants' characterization of events.  To the extent Defendants seek to establish a legitimate justification through facts outside the pleadings, that argument belongs, if anywhere, at summary judgment.

### V. PLAINTIFF DID NOT "EXPAND" THE PLEADINGS BY REFERENCING THE TRAVEL-RELATED AGREEMENT

Defendants also contend that Plaintiff "improperly expands" the pleadings by arguing that Dr. Crosslin, acting as Tulane's agent, induced Plaintiff into a travel-related agreement with Tulane. That objection misstates the Amended Complaint.  Plaintiff already pleaded the underlying facts: approval of remote work, authorization of travel to China for diagnostic treatment, continued research under that arrangement, and reliance on those approvals to depart, continue work abroad, renew visa-related arrangements, and forego alternative protective action.[5]

The opposition therefore did not add a new theory out of whole cloth.  It summarized the

_____

[5]See Am. Compl. paras. 176-181.

contractual and reliance allegations already pleaded. Defendants' attempt to recast those existing allegations as "new" cannot convert a pleaded factual theory into an impermissible expansion of the complaint.

## VI. CONCLUSION

For the foregoing reasons, the Court should disregard the new arguments and exhibits raised for the first time in reply and deny Defendants' Rule 12(b)(6) motion. At minimum, the Court should decline to rely on the newly submitted policy exhibits, the reply-stage mootness theory, and Defendants' extra-pleading factual narrative.

Respectfully Submitted,

Date of signing: 3/30/2026

Signature of Plaintiff:

Printed Name of Plaintiff: Yue Zhao

Address: 500 Aries Dr Apt 5A

Mandeville, LA 70471

## Certification of Service

I hereby certify that on this 30th day of March, 2026, a true and correct copy of the foregoing filing was submitted by the Pro Se Plaintiff through the Court's Electronic Document Submission System (EDSS) for filing with the Clerk of Court for the United States District Court for the Eastern District of Louisiana. Upon filing by the Clerk on the Court's CM/ECF system, service was thereby effected upon all counsel of record for Defendants, each of whom is registered to receive electronic service through CM/ECF.